■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BERNARDO MIGLIORE, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Kramer, J.), rendered July 1, 1986, convicting him of criminal sale of a controlled substance in the first degree and criminal sale of a controlled substance in the second degree, upon a jury verdict, and sentencing him to two concurrent indeterminate terms of 20 years to life imprisonment.

Ordered that the judgment is modified, as a matter of discretion in the interest of justice, by reducing the sentences from 20 years to life imprisonment to 15 years to life imprisonment; as so modified, the judgment is affirmed.

The defendant's contention that the People failed to prove beyond a reasonable doubt that he sold heroin in concert with the codefendant is without merit. The People produced sufficient evidence to show that the defendant had the mental culpability to make the sales to the undercover officer and intentionally aided the codefendant in making the sales *(see,* Penal Law § 20.00). Viewing the evidence in the light most favorable to the People *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence *(see,* CPL 470.15 [5]).

However, we find the sentence was excessive to the extent indicated.

We have considered the defendant's remaining contention and find it to be without merit. Bracken, J. P., Lawrence, Rosenblatt and Ritter, JJ., concur.